**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FIRST 100, LLC,

Plaintiff(s),

v.

WELLS FARGO BANK, N.A., et al.,

Defendant(s).

2:13-CV-431 JCM (PAL)

**ORDER**

Presently before the court is defendant MTC Financial's motion to dismiss with prejudice. (Doc. # 9). Defendant Wells Fargo filed a joinder to the motion. (Doc. # 11). Plaintiff First 100, LLC filed a response in opposition (doc. # 13), and defendant MTC Financial filed a reply (doc. # 23). Defendant Wells Fargo filed a joinder to the reply. (Doc. # 25).

Also before the court is plaintiff's counter motion for sanctions against defendants. (Doc. # 15). Defendant MTC Financial filed a response in opposition (doc. # 26), and defendant Wells Fargo filed a joinder to the response (doc. # 27).

Also before the court is plaintiff's counter motion for summary judgment. (Doc. # 16). Defendant Wells Fargo filed a response in opposition (doc. # 30), and defendant MTC Financial filed a joinder to the response (doc. # 31). Plaintiff filed a reply. (Doc. # 32).

. . .

. . .

**I. Background**

Both the factual background and the procedural background are relevant to resolution of the instant motions.

*A. Factual Background*

All facts in this case are undisputed by the parties. On April 25, 2005, Jan Werner ("Werner") executed a grant, bargain, and sale deed to purchase real property located at 200 Mission Newport Lane #201, Las Vegas, Nevada.[1] On April 24, 2006, Werner executed a deed of trust and note for $100,000. First Rate Home Mortgage was the lender and Lawyers Title of Nevada was the trustee. The deed was recorded on May 4, 2006. That same day, May 4, 2006, an assignment of the deed of trust was recorded whereby First Rate Home Mortgage transferred and assigned all beneficial interest in the April 2006 note and deed of trust to Wells Fargo.

There are two series of facts relevant to the pending motions. The first series of facts involves the actions by the relevant homeowners' association ("HOA"). On September 20, 2011, the HOA recorded a lien for delinquent assessments. On November 14, 2011, the HOA recorded a notice of default and election to sell pursuant to the lien for delinquent assessments. On February 9, 2012, the HOA recorded a second notice of delinquent assessment lien on the subject property. On March 26, 2012, the HOA recorded a second notice of default and election to sell pursuant to the lien for delinquent assessments.[2] On December 17, 2012, the plaintiff purchased the property for $4,000 at a trustee sale pursuant to the HOA's lien for delinquent assessments. On February 11, 2013, after the filing of this lawsuit, plaintiff sold the property to Kal-Mar-USA, LLC for $20,000.

. . .

. . .

---

[1]The court judicially recognizes the following documents: the grant, bargain, and sale deed, the deed of trust, the assignments, the liens for delinquent assessments, the notices of default, the substitution of trustee, the notice of foreclosure sale, the notices of foreclosure, the notice of rescission, and the deed of sale. *See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

[2] Additionally, the HOA recorded a notice of foreclosure sale on three subsequent dates: October 10, 2012; October 11, 2012; and, November 26, 2012.

The second series of facts involves the actions taken by the holders of the note and the accompanying deed of trust. On or around June 1, 2011, Werner began to default on her mortgage. On December 11, 2011, Trustee Corps was substituted as trustee under the deed of trust. On July 20, 2012, a notice of breach and default and of election to cause sale of real property under the deed of trust was recorded due to Werner's defaults beginning in June 2011. On November 7, 2012, a notice of rescission was recorded for the notice of default recorded on July 30, 2012. On November 28, 2012, a second notice of default was recorded. Defendants then noticed a trustee sale of the subject property pursuant to Werner's default under the deed of trust.

*B. Procedural Background*

Plaintiff filed an emergency motion for a temporary restraining order in this case because defendants had listed the subject property to be sold at a trustee sale. Plaintiff filed the emergency motion for a temporary restraining order seeking the court to enjoin the defendants' trustee sale.

The court held a hearing on the emergency motion for a temporary restraining order. The court denied the motion finding that plaintiff had not demonstrated a likelihood of success on the merits.

## II. Motion to Dismiss

*A. Legal Standard*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

. . .

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

*B. Analysis*

Plaintiff's complaint contains two causes of action: (1) quiet title; and, (2) preliminary and permanent injunction. Defendant MTC Financial filed a motion to dismiss plaintiff's complaint. Additionally, defendant Wells Fargo filed a joinder to the motion to dismiss. The court will address each of the causes of action in turn.

. . .

. . .

1. Standing

As a preliminary matter, defendants argue that plaintiff is not the real party in interest and has no standing to prosecute a quiet title claim because plaintiff sold whatever interest it may have had in the subject property after the filing of this lawsuit.

The capacity to sue is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3). The Nevada Rules of Civil Procedure state that "[e]very action shall be prosecuted in the name of the real party in interest." Nev. R. Civ. P. 17(a). A real party in interest is "one who possesses the right to enforce the claim and has a significant interest in the litigation." *Arguello v. Sunset Station, Inc.*, 252 P. 3d 206, 208 (Nev. 2011).

In this case, plaintiff purchased the property on December 17, 2012. In the complaint, filed in January 2013, plaintiff alleges ownership in the subject property superior to any other alleged interest in the property. On February 11, 2013, after the filing of the complaint, plaintiff sold the property to Kal-Mor-USA.

Federal Rule of Civil Procedure 25© states:

> © **Transfer of Interest.** If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Fed. R. Civ. P. 25©. Rule 25© is "designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *Matter of Covington Grain Co., Inc.*, 638 F.2d 1362, 1364 (5th Cir. 1981). Plaintiff may maintain this lawsuit, even though plaintiff sold and transferred its interest in the subject property.[3]

. . .

. . .

[3] Plaintiff filed a motion for sanctions contemporaneous with its counter motion for summary judgment. Plaintiff seeks sanctions because, according to plaintiff, defendant's arguments concerning standing were frivolous. The court disagrees. Parties may make arguments to the court based on their understanding of the law, even if the they are wrong. To the extent plaintiff's motion was a serious request for sanctions, it is denied.

James C. Mahan
U.S. District Judge

2. Injunctive Relief

Defendants argue that injunctive relief is not a proper cause of action. They are correct. Injunctive relief is a remedy, and not an underlying substantive claim. *Jensen v. Quality Loan Service Corp.*, 702 F.Supp.2d 1183, 1201 (E.D. Cal. 2010) ("An injunction is a remedy, not a separate claim or cause of action. A pleading can . . . request injunctive relief in connection with a substantive claim, but a separately pled claim or cause of action for injunctive relief is inappropriate."). The cause of action for injunctive relief is dismissed against both defendants.

3. Quiet Title

Next, defendant MTC Financial argues that plaintiff's cause of action for quiet title should be dismissed because MTC Financial does not have, and has not asserted in this litigation, any interest in the subject property.

NRS 40.010 states that "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." "A quiet title claim requires a plaintiff to allege the defendant is unlawfully asserting an adverse claim to title to real property." *Turbay v. Bank of America, N.A.*, 2:12-cv-1367-JCM-PAL, 2013 WL 1145212, at *4 (D. Nev. Mar. 18, 2013) (quoting *Kemberling v. Ocwen Loan Servicing, LLC*, 2:09-cv-00567-RCJ-LRL, 2009 WL 5039495, at *2 (D. Nev. Dec.15, 2009)).

MTC Financial asserts no adverse interest in the property. In fact, MTC Financial has asserted no interest whatsoever in the property. Therefore, plaintiff's cause of action for quiet title is dismissed against MTC Financial.

Wells Fargo filed a joinder to MTC's Financial's motion to dismiss. The court cannot dismiss the cause of action against Wells Fargo by virtue of filing a joinder to MTC Financial's motion to dismiss because Wells Fargo has asserted an interest in the property. Therefore, the court must proceed to the briefings on summary judgment.

. . .

. . .

James C. Mahan
U.S. District Judge

**III. Counter Motion for Summary Judgment**

In response to the motion to dismiss, plaintiff filed a counter motion for summary judgment. The court will address the only remaining claim–quiet title against defendant Wells Fargo.

*A. Legal Standard*

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the

James C. Mahan
U.S. District Judge

claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

*B. Discussion*

Plaintiff argues that NRS 116.3116 creates a super priority lien that extinguishes all prior liens after a foreclosure or trustee sale. Many HOAs are now making this argument to federal courts in this district and state courts. Plaintiff argues that this court should find that it has a superior interest in the property to anyone else, and that the trustee sale extinguished the bank's prior deed of trust.

> "In Nevada, HOAs have immediate liens against real property when HOA assessments or other costs against a unit become delinquent." *Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, no. 2:13-cv-00164-RCJ, 2013 WL 2460452, at *3 (D. Nev. June 6, 2013) (citing NRS 116.3116(1)). However, an HOA assessment lien is not prior to "a first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent. . . ."

. . .

James C. Mahan
U.S. District Judge

NRS 116.3116(2)(b).

"The clear language of this statute states that an HOA's lien is prior to all other liens and encumbrances secured by the property, except a first security interest on the property recorded before the date on which the assessment became delinquent." *Weeping Hollow Ave. Trust v. Spencer*, no. 2:13-cv-00544-JCM-VCF, 2013 WL 2296313, *5 (D. Nev. May 24, 2013). In this case, the deed of trust was recorded on May 4, 2006. The plaintiff HOA recorded its liens for delinquent assessments in September 2011, and February 2012, respectively. The bank's first position deed or trust was recorded at least five years and four months prior to the HOA's first lien.

Additionally, this court has held that if a quiet title action is brought pursuant to NRS 116.3116(2)(b) then plaintiff is required to (1) produce a copy of the assessment lien upon which the foreclosure was based and (2) allege that the assessment lien chronologically precedes the deed of trust. *Weeping Hollow*, 2013 WL 2296313, at *5 (citing *Centana v. Mortg. Elec. Registration Sys.*, no. 2:11-cv-02105-GMN-RJJ, 2012 WL 3730528, at *3 (D. Nev. Aug. 28, 2012)). In this case, the complaint does not allege that the assessment lien chronologically predates the deed of trust. The complaint could not allege such a fact in good faith because the deed of trust was recorded over five years prior to the assessment lien.

"Also relevant is NRS 116.3116(2)©, which carves out a limited exception to NRS 116.3116(2)(b)." *Weeping Hollow*, 2013 WL 2296313, at *5. Subsection (2)© creates a limited super priority lien over the type of first security interest described in (2)(b) "to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budged adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien . . . ."

NRS. 116.3116(2)©.

This subsection has already been interpreted by this court. This court has held that NRS 116.3116(2)© creates a limited super priority lien for nine months of HOA assessments leading up to a foreclosure proceeding or the institution of an action to enforce the lien. *Weeping Hollow*, 2013

James C. Mahan
U.S. District Judge

WL 2296313, at *5-6. The statute presents an HOA with two options. First, an HOA may foreclose its lien under the statute, but the first mortgagee's lien survives the foreclosure. The first mortgagee may later foreclose against the buyer at the HOA foreclosure sale if that buyer (or someone else) does not satisfy the first mortgage out of the proceeds of the HOA foreclosure sale or otherwise. *See Bayview*, 2013 WL 2460452; *Weeping Hollow*, 2013 WL 2296313.

Second, a first mortgagee may foreclose even though an HOA (super priority) lien exists. In this scenario, the super priority amount of the HOA lien survives the foreclosure and the HOA may later foreclose against the buyer at the foreclosure sale if that buyer (or someone else) does not satisfy the super priority amount out of the proceeds of the foreclosure sale or otherwise. *See Bayview*, 2013 WL 2460452; *Weeping Hollow*, 2013 WL 2296313.

In sum, an HOA foreclosure properly conducted pursuant to NRS 116.3116 does not extinguish a prior recorded first position deed of trust. Every court in this district, including this one, to decide the issue has reached the same result. *See Diakonos Holdings, LLC v. Countrywide Home Loans, Inc.*, no. 2:12-cv-00949-KJD-RJJ, 2013 WL 531092; *Weeping Hollow*, 2013 WL 2296313; *Bayview*, 2013 WL 2460452. The court finds that the HOA trustee sale did not extinguish Wells Fargo's deed of trust and the quiet title claim fails as a matter of law.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant MTC Financial's motion to dismiss (doc. # 9) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for sanctions (doc. # 15) be, and the same hereby is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (doc. # 16) be, and the same hereby, is GRANTED.

. . .

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

IT IS FURTHER ORDERED that defendants shall submit a proposed judgment consistent with this order.

DATED July 9, 2013.

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge